## Levan v. Pottstown & Phoenixville Railway Company et al.

*Workmen's compensation—Insurance carrier—Insurance policy—Cancellation—Notice to insured—Acts of June 2, 1915, and July 22, 1919.*

1. Where an insurance policy has been deposited by an insurance company with the Rating Bureau, as provided by the Acts of June 2, 1915, P. L. 769, and July 22, 1919, P. L. 1120, the policy remains in force for its term until canceled; but, in order to effect a cancellation, written notice thereof must be given by the insurance company to the insured, if the policy by its terms provides. for such notice.

2. The referee, upon the application of a claimant, may make the insurance carrier a party to the proceedings.

Appeal from decision of the Workmen's Compensation Board. C. P. No. 3, Phila. Co., Dec. T., 1922, No. 5951.

*J. R. Evans,* for plaintiff; *J. P. Connelly,* for defendants.

FERGUSON, J., June 7, 1923.—This is an appeal from a decision of the Workmen's Compensation Board. The husband of the claimant was killed on July 16, 1921, while in the employ of defendant. Proceedings were instituted before the Workmen's Compensation Board, and the referee awarded compensation against defendant. Subsequently claimant presented a petition to review the award for the purpose of making the insurance carrier a party. As a result of the hearing on this petition, the referee made an award against defendant and the insurance carrier. From this award an appeal was taken to the Compensation Board, which appeal was dismissed and the award confirmed.

There seems to be no question as to the right of the claimant to have compensation. The appeal before us raises two questions: First, was there a policy of insurance in effect at the time of the accident; and, second, had the referee power to make the insurance company a party to the proceedings over its objection?

Defendant company had been insured by the insurance carrier for the year 1919, and the premium on the policy had been paid. It was also insured for the year 1920, but the premium for that year had not been paid. At the end of the year 1920 it was discovered that the premium had not been paid, and at first the insurance company's officers directed that no policy be prepared, but subsequently, receiving word that the premiums for both years would probably be paid, they prepared a policy and sent a copy to the Pennsylvania Compensation Rating and Inspection Bureau, said bureau being approved by the Insurance Department of the State of Pennsylvania. The original policy was sent to the office of the company in Philadelphia with instructions to its agent not to deliver it until the premiums for the preceding year and the then current year were paid. An effort was made to collect these premiums without success, and in the month of April the insurance carrier wrote to the Rating Bureau, notifying them that the policy was canceled as of Jan. 1, 1921. No written notice of the cancellation was sent to the insured. On the day Levan was killed, the defendant sent a check by mail to the office of the insurance carrier in payment of premiums then due. This check was duly received and endorsed for deposit and the voucher signed, but the signatures were afterwards canceled and the check and voucher returned to the defendant.

The Compensation Board treated the matter as if the action of the two corporations with reference to the check for the premiums were important, it being suggested on one side that the check for the premiums was sent after the defendant had knowledge of the accident to Levan, and on the other side that the endorsement on the check was canceled and the check returned after the insurance company became so informed. We do not regard this feature

of the .case as very important. If the policy had been issued and had not been effectively canceled prior to the day of the accident, the matter of the payment of premiums became of little consequence. The case hinges upon the question as to whether or not the policy had ever been in force.

By the Act of June 2, 1915, P. L. 769, it is provided that no policy of insurance against liability under the Workmen's Compensation Act shall be made unless the same shall contain the agreement of the insurer that, in the event of the failure of the insured promptly to pay any instalment of compensation insured against, the insurer will forthwith make such payments to the insured's employee and the agreement shall be construed as a direct promise to such employee. By the Act of July 22, 1919, P. L. 1120, it is provided that no insurance company shall issue, renew or carry any insurance against liability at premium rates less than those approved by the Commissioner of Insurance, and providing, further, for the approval by the commissioner of a system of schedule or merit ratings, and further providing that an attested copy of every policy of insurance against liability, and of every endorsement thereon, shall be filed with the Rating Bureau.

In the case at bar, an attested copy of the policy issued in January, 1921, was in that month sent, as required by law, to the Rating Bureau. This policy contained as a rider a stipulation that the insurance carrier assumed the whole liability of the insured employer under the Workmen's Compensation Laws of Pennsylvania. The policy also contained a clause under which each party was at liberty to cancel the contract upon written notice to the other ten days in advance of said cancellation.

As above stated, no written notice was given to the defendant of any cancellation. A copy of the policy was in the possession of the Rating Bureau from the month of January until the month of April, when the notice above stated was received. If the policy was a contract in April, necessarily the cancellation was not effective, because written notice was not given to the insured.

We are of opinion that the policy was effective. There had been efforts made during the early part of the year 1921 to collect the premiums. Defendant assumed that the insurance was in force, and the efforts to collect premiums justified the assumption. Defendant was obliged by law to carry insurance. The insurance carrier was obliged, if it intended to do business of this character in Pennsylvania, to send an attested copy to the Rating Bureau. This it did. There was no notice with the copy that the policy was held in abeyance or was not a subsisting contract. The copy went in the usual course of business, and must be regarded as notice to the Insurance Department of Pennsylvania, or its subsidiary department, that the policy had issued. Had this not been done, the Bureau of Workmen's Compensation was required, under section 305 of the Act of June 2, 1915, P. L. 736, to serve upon defendant a notice to insure his liability under certain penalties. No such notice having been sent, defendant had additional justification in assuming the existence of the contract. Under these circumstances, the fact that the policy was not actually delivered cannot avail to relieve the insurance carrier. It may also be stated that the notice to the Rating Bureau was a notice of cancellation, and the cancellation of a policy necessarily implies the existence of one which may be canceled. We are of opinion, therefore, that the policy was a binding contract and at the time of the accident had not been canceled.

The remaining question bears upon the right of the referee, upon the application of the claimant, to make the insurance carrier a party to the proceedings. Upon first impression, it would seem that the only way in which an

3 D. & C.

insurance carrier could become a party would be by application to intervene for the purpose of protecting its insured. Insurance, ordinarily, is a matter of contract between the insurer and insured, but by the Act of June 2, 1915, P. L. 769, an injured employee may also be regarded as one who is insured, since the policy is a direct promise to him.

For these reasons, we are of opinion the referee was justified in making the insurance carrier a party, and as the award in favor of the claimant is questioned upon no other grounds than those we have discussed, the appeal must be dismissed.